In re METAL–LITE, INC., Thomas R. Herren, and Gene N. Carpenter, Petitioner.

No. MISC 744.

United States Court of Appeals, Federal Circuit.

Sept. 29, 2003.

## ORDER

DYK, Circuit Judge.

Metal–Lite, Inc. et al. petition for a writ of mandamus to direct the United States District Court for the Central District of California to (1) allow Metal–Lite to contest the issue of infringement, (2) consider and rule on Metal–Lite's proposed claim construction, and (3) rule on or submit to the jury the issue of infringement. Metal–Lite moves to stay the damages trial in the district court pending our ruling on this motion.*

The parties in this case, Metal–Lite and Slip–Track Systems, Inc. et al., own rights to interfering patents. Slip–Track appealed the district court's earlier judgment granting Metal–Lite priority of invention. We vacated the judgment and remanded for consideration of the issue of reduction to practice. *Slip Track Systems, Inc. v. Metal Lite, Inc.*, 304 F.3d 1256 (Fed.Cir. 2002). On remand, a jury returned a verdict in favor of Slip–Track. The district court then determined that because Slip–Track prevailed on the issue of priority, Metal–Lite was precluded from asserting that it does not infringe Slip–Track's patent.

Metal–Lite argues that the district court erred in determining that Slip–Track's victory on the issue of priority gave rise to an irrebuttable presumption of infringement.

A party who seeks a writ of mandamus bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Metal–Lite fails to demonstrate that it has no other means to attain the relief required. It may seek review of the district court's ruling on direct appeal after final judgment. Additionally, Metal–Lite states that it expects a permanent injunction to issue in the near future. That order will be immediately appealable.

Accordingly,

IT IS ORDERED THAT:

(1) Metal–Lite's petition for a writ of mandamus is denied.

(2) Metal–Lite's motion to stay the damages trial is denied.

---

* Metal–Lite's submission was received the afternoon of September 29, 2003. Because Metal–Lite states that the damages trial it seeks to stay begins at 9 AM on September 30, 2003, a single judge of this court is deciding this petition. *See, e.g.,* Fed. R.App. P. 8(a)(2)(D) ("in an exceptional case in which time requirements make [consideration by a panel] impracticable, the motion may be made to and considered by a single judge").